Tucker, P.
dissented from so much of the judgement as gave Ayres his costs expended in the circuit court. He said—I have examined a variety of cases in this court, in order to ascertain whát has been the practice; and I am satisfied, that wherever an appeal is dismissed as improvir dently allowed, or a supersedeas quashed as improvidently awarded, the court has always refused to give costs to the party prevailing.
The first case was that of Hepburn v. Lewis, 2 Call, 497. in which the judgement of the district court was for less than 100 dollars ; and the appeal was dismissed as improvidently allowed, but there was no judgement for costs.
In Clarke v. Conn, 1 Munf. 160. the appeal from the court of chancery was dismissed after it had been depending five years, on the ground that it was improvidently granted by the chancellor, after his power over the case had ceased; and no costs allowed.
In Lewis v. Long, 3 Munf. 136. the plaintiff sued on a single bill for more than 100 dollars. The jury found the debt to be discharged by less than that sum. The defendant obtained a supersedeas, and the judgement was reversed ; from which the plaintiff appealed. The appeal was dismissed after a laborious argument by bar and bench; but no costs were allowed.
In Hutchison v. Kellam and Lymbrick v. Seldon, Id. 202. it was after great argument decided, that the jurisdiction of the court of appeals did not attach where the damages were less than 100 dollars, though the right of freehold incidentally came in question; whereupon the appeals were dismissed, but no costs were given.
*617 In Skipwith v. Young, 5 Munf. 276. the like principle was decided, and the appeal dismissed as improvidently allowed, but without costs.
In Rootes v. Holliday, 4 Munf. 323. the appeal allowed by the chancery court upon an appeal bond executed by a surety only, was dismissed, as improvidently allowed, but without costs.
In Miller v. Blannerhassett, 5 Munf. 197. there was judgement in the county court against Blannerhassett. A writ of supersedeas was awarded by the circuit court of Wood county; whereupon the bond for prosecuting it was executed by a surely, but not by Blannerhassett himself. The circuit court reversed the judgement, and the plaintiff appealed to this court. After argument, it was decided, that the judgement of the circuit court was erroneous, because that court had no cognizance of the cause, the supersedeas having improvidently issued for the cause aforesaid. Reversed, and supersedeas quashed, but without costs.
In Thomson v. Evans, 6 Munf. 397. tho appeal was allowed in court, upon the appellant’s entering into bond &c. in the clerk’s office within thirty days: appeal dismissed, but without costs.
In Ashby v. Kiger, 3 Rand. 165. an appeal from a decree for costs, was dismissed, but without costs.
In all the foregoing cases, the principle was invariably adhered to, of refusing costs where the process of supersedeas was quashed, or the appeal dismissed, on the ground that they were improvidently allowed. I have not depended upon the printed reports of the cases in examining this matter : the entries themselves have been carefully examined.
I can perceive no essential difference in principle, between these cases and that under consideration. That of Miller v. Blannerhassett is very strongly analogous. A case in point is not to be expected; for, as the notice is no part of the record, the case appears to us as a single supersedeas to five judgements. This, l am sure, was not designed by the judge who awarded the supersedeas, and who *618 probably took the notice to be part of the record. Had it been made so by an exception, the question might, perhaps, have been decided differently.
I am therefore of opinion, that on quashing the supersedeas to the judgement of the county court, the costs of that supersedeas should not be given.