December 2d, ISIli, the Judges .d(>lmjHB.heir opinions, seriatim.
Judge Coaeteb I'.- fovií qm s:iiií!*HÍ¡! .vises, and which alone has ,, ji< ib!- die, is whether the Court has ‘jurisdict &
It is an action on ease,, broi f.lii t.yjKie A ;>p--Il<-e against the Appellant, for n. nob.o,-m i>, iwetm# r- W-i* ÍX on her own land, whereby .s he tlle^e .. <h-' .• si ¡«>«n back
and overflows a p;;i of hi? ?,nP .-.Cjiii-ib.v;.. ijisu health of Ms family is injured.
There is a great vti-N-i of pleas, soiling on liu- right of the Appellant, by con- nr of lite Appt-lh e ami otherwise. to erect the Dam; to all of which .except two. liieu; arc Demurrers, and judgments thereon for the Appelk i ; one o'-’ mere of which, thus demurred to, -!vep >i¡;¡i Cm Pusim Skip toil be‘.bo Testator of the Appellant, ami under whom she- cuinis, was seized and possessed of the said Hill in ice, and also ,-f ifie ¡and staled to tie overflowed, and died ?.»smiaed. Tfcr, pleas- on which issues were taken were the- foot, which is the plea of not guilty, and the sixth, which all-: ;hyi m>; 1 mis Dabney in 1-748 was
seized of the land. u: the Jli’i And Bam era built, and the land alleged to be overflowed, ano had then n Mill and Dam there erected, ázc. and that ffcc ¡sausi* has ever rinaCbeen kept ip, and rebuilt, ázc.. c.u-'S that the Appellant (/ioinw’under said *277 Dabney, &c. There was at first a Demurrer to this plea also; but that was afterwards withdrawn by consent, and issue taken thereon : after this, by consent, this plea is withdrawn, and not guilty pleaded, with leave on both sides to give in evidence the special mutter in support or avoidance of the matter contaiued in said plea. On this there was a verdict for the plaintiff, and one penny damages, subject to the opinion of the Court on a point reserved; to wit, whether, after the Act of 1748, any person could lawfully build a Mill, although he might be owner of the land on both sides of the stream, and also of the land overflowed, without permission first obtained from tile county Court; and whether, if such Mill was built before 1748, and was by accident destroyed, &e. and not rebuilt within three years, the party could rebuild without such leave, he not being within any of the disabilities stated in the statute during such three years, although he should be owner of the kind as aforesaid. This question was adjourned by the Judge, who tried the cause to the General Court for novelty and difficulty ; which Court directed it to be certified, that Judgment ought to be given for the Appellee. From all this it aeems that the great question between the parties was the right and title to tiie land, alleged to be overflowed, and the right of the Appellant to continue the Mill and Dam.
This right, as it regards the Mill, it is contended is ueither a Freehold nor a Franchise; and if it is either, yet it was not the matter in controversy, within the meaning of ihe second section of the Act constituting the Court of Appeals, although that right may be decided on in a manner, which, either by way of bar or estoppel, is finally conclusive between the parties : and it is farther contended that there are no points of difference between this and the cases of Hutchinson v. Kellam and Lymbrick v. Seldon, 3 Munf. 202, of sufficient consequence to take this case out of the influence of those.
The right to a Mill, as sueh, and to take toll thereat, which is descendible, and of which a widow may be endowed, is a Franchise, ora right of Toll, I apprehend, of which an Assize will lie de. Libero tenemento, according to Jehu Webb's case, 8 Co. 45-6; and if the party has a right to an abutment against, or to overflow the lands of another, it may be considered a Franchise, I presume, even within the definition thereof given *278 by tlie Bar. A Mill permitted to be built on these terms, is no restraint on the right of a man to use his own land as he pleases, provided he does no injury to his neighbour; on the contrary, the property of another is, as it ,were, seized on, or subjected to injury, to a certain extent, it being considered in fact for the public use, (for which alone it can be taken without his consent,) such machines being considered useful and necessary to the public: this conversion of property to the public use, and of which the individual gets the benefit, is compensated for to the public by the erection of some useful machine, as a Mill, to which Toll is incident, or some other useful machine to which Toll is not incident.
The Appellant therefore claims, in this case, either a freehold right of Toll, or what may perhaps more properly be called a franchise, which, in an Assize or other real action to re" cover the same, would have been sufficient to give this Court jurisdiction. But if I am wrong here, the Appellee sets out a case of nuisance to his Land, for which an Assize, or quod permittat prosternere, which is called the Writ of Right in that case, would lie ; and if such form of action had been resorted to, there is no question, 1 believe, but an appeal on either side would have been proper. The action on the case, though, has superseded these real actions; and it then becomes a matter of consideration, whether, if the Appellee, who was the plaintiff in this case, had laid his damages at less than $100, and there had been a verdict against him, which on this declaration I apprehend would finally have concluded his> rights as to the nuisance, he could have appealed to this Court; in other words, whether the damages, which may only have been for a few days continuance of the nuisance, or the enjoyment of the real estate clear of this incumbrance was the real and main matter in controversy ? the thing’ really claimed and sought to be recovered? And whether the plea, which put in issue, the right to the land, alleged to be overflowed^ had that also been decided against him, should finally conclude him on that point without appeal ? If the plaintiff, notwithstanding his claim to damages, was less than $100, could appeal in such a case, so I apprehend might the defendant, although less damages were found against him.
*279 But it is said, the cases of Hutchinson v. Kellam, and Lymbrick v. Seldon, if adhered to, must govern this case, there being no substantial difference. Those cases I understand were mere possessory cases in trespass quare clausum fregit, in which, from the pleadings, the Verdict and Judgment would not have concluded the party, either by way of bar or estoppel, in a Writ of Right, or any other superior action, but, at most, would have been evidence in such future action.
But if, in an action of trespass quare clausum fregit, the defendant should justify on the ground that the right to the free, hold and inheritance was in him, and issue should be joined thereon, in which case the Verdict and Judgment would final" ly conclude and estop the parties as to the mere right, the question is, whether this would not differ so materially from the above cases, as to shew that the matter in controversy was the freehold, within a reasonable interpretation of the words of the Statute ? In the case of Outram v. Morewood, 3 East, 346, the question was, whether the Verdict and Judgment, in an action of Trespass quare clausum fregit, in which the pleadings put the freehold in issue, could be pleaded as an Estoppel to another action of Trespass on the same land; and it was decided that it could ; and that it was conclusive as to the right Lord EiíI.enborougu takes a full view of all the cases. “ In “ Brooke, Title Estoppel, he observes, it is said to be agreed “ that all the records in which the freehold comes in debate “ shall be estopped with the land, and run with the land, so “ that a man may plead this,” &c. “ But if it be said, that by “ the freehold coming in debate, must be meant a question re- “ specting the same, in a suit, in which the freehold is immedi- “ atcly recoverable, I answer, says he, that a recovery in any suit, “ upon issue joined on matter of title, is equally conclusive upon “ the subject matter of such Title.” Speaking of this action generally, he says, Damages for an injury to the possession are the only thing demanded by the declaration ; the Judgment can only give the ascertained right to these, damages, and the means of obtaining them; it concludes nothing upon the ulterior right of possession, much less of property in the land, (unless a question of that kind is raised by the plea and a traverse thereon,) nor does it give possession, &e. lie then goes on to cite another case, in which Lord Holt is stated t© *280 have said that, in trespass, on an issue, whether such an on® died seized, a Verdict was a bar to another action of TresPass> by way of estoppel, because there issue was joined on a matter in the realty. In a farther examination of the same case, one Judge is stated to have said, “ that, in Writ of Tres- “ pass for close broken, the issue trenches well enough in the “ realty, as if the defendant justify his entry by reason of in„ “ heritance, which he has in the freehold, if this be traversed, “ this shall be peremptory. Popham brought trespass; the “ then defendant pleaded in bar, because of a lease made to “ him for life, and the plaintiff made title by descent of the “ inheritance, which was traversed, which issue was merely in “ the realty.” Another Judge observes, “ as my companion “ has said, the issue is as high in a Writ of Trespass, if taken in “ the realty, as in an Assise.”
The Plea then makes a material change in the nature of the controversy ; it shews that what may have been an ordinary personal action for an injury to the possession is thereby converted info a contest about the freehold. A n action of assault and battery and false imprisonment, is a suit in which, ordinarily, we have no jurisdiction, unless the damages found are one hundred dollars: but, when the plea puts in issue the right to freedom, the consideration of damages, which cannot compensate such injury, vanishes; and we have always taken jurisdiction in such cases,, without regard to the amount of damages claimed or recovered. So, too. the action of Ejectment is, not only in conclusion, but in form, for the recovery of a term for years; yet, because of the terms, on which the defendant is permitted to plead, and the use to which these actions are applied, for trying titles, as they are now moulded by the Courts, we take jurisdiction of them, and I presume would do so. even if it appeared by a special Verdict, that the Lessor of the plaintiff claimed only possession for a term of years ; or if it appeared by his declaration that he was an Executor, and only sued to recover such term. So, an action on the case against a Sheriff for refusing a right to vote at an election, though an ordinary action, and sounding in damages, involves so high a privilege on the one side, and such important considerations of state on the other, that I presume this Court would not look for their jurisdiction in the damages claimed or *281 recovered ; for, if so, we might have jurisdiction, or not, at the election of the plaintiff to claim more or less than $100. This case, though, seems doubly fortified. The plaintiff counts on a freehold claim to the land, said to be overflowed, and which he wishes to enjoy free from the nuisance. This freehold right in the Land is controverted, and the defendant moreover contends for her right of Franchise in the Mill. All these matters, on both sides, are claimed and put in issue by the declaration and pleadings; and unless nominal damages are considered of more consequence to the parties, than these rights themselves, I cannot perceive the distinctions, which should vary this case, in principle, from those above.
But there is another pohn of difference between this case and that of Hutchinson v. Kellam, which is perhaps not unworthy of consideration. This Court takes jurisdiction of controversies about the right to build Mills, or other Machines useful to the public, where the damages found on the writ of ad quod damnum do not amount to $100. This jurisdiction is taken either under a reasonable interpretation of the words in the 2d sect, of the Act establishing this Court, to wit, “ where the “ matter in controversy is a freehold or franchise,” or under the I4th sect, of that Statute, which provides that “ appeals, writs 51 of error and supersedeas may be granted to and from any “ final decree or judgment of the High Court of Chancery, si General and District Courts, in the same manner, and on “ the same principles, as Appeals, Writs of Error and Superse55 deas are to be granted, heard and determined by the High “ Court of Chancery and District Courts to and from any “ final Decree or Judgment of a County Court.” If Jurisdiction, in cases of Mills, is taken here by virtue of the 2d section, it also forms one of those cases which come within the sound interpretation, and not within the letter of that section; because, until the Mill is established, and more so if the application is rejected, the freehold or franchise in the Mill and Toll is not in existence, and so no real or persona! action could lie concerning it. The question is, shall such freehold or franchise, under all the circumstances, be created ? The right to the land, on which the Mill and Dam are to be erected, may not be in controversy any more, than the right to the ¡and sought to be injured by overflowing; so that, according *282 to the arguments of the Bar, neither the title nor the bounds of Land are drawn in question; the simple point being, whether a man shall have a right to erect, on his own Land, a Mill, or other Machine useful to the public, to the injury of another man’s Land, but without depriving him of the freehold therein, on his paying assessed damages for that injury, to the amount, say, of fifty dollars ? But if jurisdiction is taken in this case under the 14tb section, it must be on the ground thats although the jurisdiction of this Court may be more limited, as to the amount of damages or sums decreed, where they are the criterion of Appeal, than that of the High Court of Chancery or District Courts, yet the same great principles, which shall allow an Appeal in the one Court, shall also allow it in the other. It is on this ground alone, I apprehend, that this Court takes jurisdiction in cases of Wills, even of persona! estate, and of grants of Administration, without regard to the value of the estate; and if we have to look for our jurisdiction in these cases, and also in the cases of Tobacco Debts, Caveats, and controversies about roads, to this clause, it may also, perhaps, be proper to look to it for our jurisdiction ira the cases of Mills. If we do, then, we are referred to the District Court law, sections 4th and 53d, the latter of which gives an Appeal to that Court in all suits or contests whatever, where the Debt or Damages, or other thing recovered or clahned shall be of the value of $100 or 3000 lbs. of Tobacco, or where the title or bounds of Land shall be drawn in question, or the contest shall be concerning Mills, Roads, the Probate of Wills, or Certificates for obtaining Administration.
It is enough under this law that the Title or hounds of Land is drawn in question: which expressions, if we consider both Courts to be governed by the same great principles, may either be taken, in conjunction with all the laws in pari materia heretofore on this subject, to explain what is meant by the words, “ matter in controversy,” in the 2d section above referred to, or may be taken, in conjunction with the preceding’ parts, to give jurisdiction in cases not within that section. For if the contest shall be concerning a Mill, which is literally this case, why should we have jurisdiction in such contest before it is built, or liberty granted to build, and not in such contest after it is built, and whereby it is finally to be de *283 sstroyed ? The latter controversy is more within the mischief; the injury to the ¡¡arty, by an erroneous decision, in destroying a valuable Mill already built, being greater, than in refusing permission to build.
But it may be said that the contest here intended is that, which arises under the law, directing applications to be made for leave to build Mills. Such restriction, however, I presume would not be allowed, if that would oua. the Superior Court of Law of jurisdiction had this case originated, and the same proceedings been had, in the County Court. If that Court would not have had jurisdiction under the broad ex pressions above, it must he deprived thereof, unless if should be given under a liberal interpretation of the words, “ where the title or bounds of Land are drawn in question but to this latter it might be objected, that, though the freehold or franchise in the Mill and Toll are drawn in question, yet, as argued at the Bar, neither the Title nor Bounds of Land are so drawn in question »• and this objection would equally avail, if, instead of case, the action had been an assize, or a quod pcrniiitat: so that, by adhering too strictly to the letter of these Statutes, without adverting to the mischief and the remedy, and without considering them all together, as constituting one grand whole, we would deny the Superior Courts of Law appellate jurisdiction from judgments of the County Courts, where the Damages would not give it, in this case, and even if an assize or quod psrmitta'c had been the form of action ; the result of which would be that, although it is admitted this Court would have jurisdiction 5a this latter form of action, it would be ousted of it so all cases beginning in the County Courts, as an Appeal will not lie from them except through the Superior Courts.
If, then, an Appeal in this case from the County to the Superior Court, would have been proper either on one ground or the other; and if our jurisdiction, ia a variety of other cases not within the 2d section, has been taken, as coming within the same principles, which governed the District Courts, I cannot see why it ought not to be extended to tisis case also, if it is not within that section.
I refer to my opinion in the case of Hutchinson v. Kellam, and Lymbrick v. Seldon, to shew the time and manner, in *284 which the 14th section of the law, constituting the Court of Appeals, was at first introduced, and to shew that its object and operation were to enlarge the jurisdiction of this Court to cases not within the 2d section.
I can perceive' no reason why a right to the freehold shall be finally concluded by a hasty opinion pronounced in the progress of a trial in one form of action, without the benefit of the supervising power of this Court, when it is not in another form of action; nor do I believe the Legislature intended such a state of things to exist in this Country. Whatever, therefore, may be the law as to cases of trespass quare clausum fregit, where the pleadings do not put the freehold in controversy, and which therefore would decide nothing finally as to it, and in which, at most, the Verdict would only be evidence jn another action, (a) I think there is fair ground for our t jurisdiction in this case.
. Judge Cabell. I consider this ease as being the same, in principle, with those of Hutchinson v. Kellam and Lymbrick, v. Seldom It was there decided that, to give this Court jurisdiction, on the ground of the matter in controversy being a freehold or franchise, the freehold or franchise must be directly the subject of the action. This is an action claiming damages s and nothing else can be recovered. Although, therefore, other matters may be controverted by the parties in the pleadings, or at the trial, yet the damages are the only subject of the action ; and being less than one hundred dollars, I am of opinion that the Appeal must be dismissed.
Judge Brooke. It is not now intended to review the case of Hutchinson v. Kellam decided in this Court; nor is it necessary to adopt the whole course of reasoning pursued by the Judges in that case. When the words of a Statute are ambiguous, it may be proper to consider all the Statutes on the ' same subject, that can assist in coming at its true meaning., My own opinion is, that the 2d section of the Act, reducing into one Act the several Acts, concerning the Court of Appeals, and giving it jurisdiction, on a sound construction of which the case now under consideration depends, is not liable to that objection; and that, without the aid of the 14th section in the
*285 same Act, which applies to another class of cases, the words in the 2d section are susceptible of a clear and precise meaning. The general expressions in the 14th section cannot control the particular expression in the 2d section; nor can the cases, heretofore decided under the operation of those general expressions, by any inference from them aifect the construction of the 2d section, which applies strictly to the case now to be decided. It is enough to say that none of those «ases are analogous to the present one. The words of that Section are, “ the said Court shall have jurisdiction, if the “ matter in controversy be equal in value, exclusive of Costs, 5t to $100, if the judgment sought to be reversed shall be ren- “ dered in the District Courts, or $150, if in the General “ Court or High Court of Chancery, or be a freehold or fran- “ ehise.” If those words were not, however, as clear and precise, as is supposed, the case of Hutchinson v. Kellam has settled their meaning as to similar cases. The exposition given by that case is, that, if damages are claimed, and are to be the only object of the action, they are the subject in controversy; and unless the amount recovered be at least $100, exclusive of Costs, this Court cannot take jurisdiction..
In the case now before the Court, the recovery of Damages is the only direct object of the suit, and the amount recovered by the Judgment, exclusive of Costs, is the only criterion, by which to test the jurisdiction of this Court. It is insisted, though, that this case differs from the case of Hutchinson v. Kellam in this, that a franchise is put in issue, and that in another action the Appellant would be estopped to insist on her legal right to erect the Dam, the erection of which is complained of in the Declaration. Whether this difference really exists, or not, it is not.pow material to inquire : it is not now neeessary to decide whether the Certificate, or the Case referred to, that the freehold came in question, would be equal to the finding of a Jury to the same effect, and if pleaded would be an estoppel in another action ; because that Case was not decided on the ground that the Judgment would not operate as an estoppel in another action, but under the force of the expressions in the 2d section of the Act before recited. The Legislature, certainly, when it became its duty to revive .the laws in 1702, had the power to give or to take away ju *286 risdiciion. In the exercise of that power it gave some jurisdiction to the County Courts, a higher jurisdiction to the General and District Courts, and a still more exalted jurisdiction to this Court, except in criminal cases ; the boundaries of which are designated in the several Acts establishing the several Courts. In the 53d section of the Law establishing the District Courts, which gives to those Courts appellate jurisdiction, there is a marked difference. The expression, ira that section, applicable to the present inquiry is, “ or where the title or bounds of Lands shall be drawn in question.” In the section of the Law constituting this Court, before cited, the expression is, “ the matter in controversy,” &c. It was thought unsafe to confide to the County Courts (for reasons that are very obvious) the final decision of the cases described in the section, though the damages or sum recovered amounted to only one cent; but in relation to cases decided in the General or District Courts, constituted by Judges, elected by the Legislature, there was less of error to be apprehended, and, in allotting to this Court its appellate jurisdiction, the words, “ Title or bounds of lands shall come in question,” are dropped, and the words, “ the matter in controversy,” are substituted. The matter in controversy is that for which the suit is brought, and not that which may or may not come in queslion. In the case relied on in 3d East, Lord Ellenborough says the Judgment is the fruit of the action, and can only follow the particular right claimed, and injury complained of, The injury in the case before the Court, I think, is emphatically the matter in controversy, though other matters may have been put in issue, the finding of which by the Jury may, if pleaded, estop the party in another action. - In the case of Long v. Lewis, 1 referred to a case in Crunch, in which the Supreme Court of the United States, under the influence of similar expressions in ihe Act of Congress referred to, take jurisdiction under cover of the penalty of the Bond, which was sufficient in amount to give jurisdiction, because I presume the Condition, substantially, was the matter in controversy. That case, it is true, is no authority here, but ought to have weight, considered as the exposition of eminent Judges of the words in the section of our Act, on which I rely: nor is itr material, according to my view of the case, that no other Statutes in pari materia were before them. If this Court *287 is to take jurisdiction by consequence; that is, if an Appeal will lie h< re from the indirect decisions of the inferior Courts, in which matters may have come in question, though not in couirov crsy, between the parties, according to the foregoing exposition of that expression; few casts will escape the jurisdiction of this Court. In an action of assumpsit, if enough is claimed in the Declaration, and the Judgment is for one cent, it may ne said that the sum denied by the judgment was large enough to give this Court jurisdiction. So, also, in Slander, Assault and Battery, &c. Yet such a pretension has never been urged here, either on the grouud that the party was es-topped by the Judgment, or on any other. It would be difficult to define the jurisdiction of this Court, if it is to look to consequences out of the Judgment to be revised, under the authority given by the 2d section of the Act before referred to. Whether the supposed Estoppel in the present case will ever be relied on in another action it is impossible to know: it is not. now the matter in controversy in the action. 1 conclude, therefore, both upon the Law, and the authority of the case of Hutchinson v. Kellam, that this Court has no jurisdiction of the case before it, and that the Appeal must be dismissed.
Judge Roane. I consider that this Case, on the point of jurisdiction, has been settled by the Cases of Lymbrick v. Selden, and Hutchinson v. Kellam. I therefore concur with the two last Judges that the Appeal be dismissed.
Appeal dismissed, as having been improvidently allowed

 Ferrar's Case 6 Co. 7; Outram v. Morewood, 3 East. 356.