# WHEELING.

## GREATHOUSE v. SAPP.

Submitted June 12, 1885.—Decided June 27, 1885.

If in an action of trespass *quare clausum fregit* the damages recovered be less than $100.00, the defendant can not obtain a *writ of error* from this Court, though it appears from the record, that the title or boundaries of the land were drawn in question.

GREEN, JUDGE, furnishes the following statement of the case :

This was an action of trespass *quare clausum fregit* brought in November, 1880, in the circuit court of Preston county. The declaration filed at December rules, 1880, alleged, that the defendant broke into the close of the plaintiff in said county, describing it by metes and bounds, and cut down and destroyed trees, the property of the plaintiff, and also wheat growing thereon, the property of the plaintiff, took and carried away and converted to his own use to the plaintiff's damage $250.00. This declaration was demurred to, and issue was joined thereon, and the demurrer was overruled. On April 20, 1881, the defendant pleaded not guilty, and issue was joined thereon, and an order of survey was made by the court, and on December 5, 1882, a jury was sworn to try this issue, who on December 8, 1882, found a verdict for the plaintiff and assessed his damages at $12.00. The court then rendered a judgment for the plaintiff against the defendant for this $12.00 with interest thereon from that date and his costs. Four bills of exceptions were taken during the trial of this case by the defendant; one to the court allowing the plaintiff to introduce certain evidence, and the other three to the refusal of the court to give certain instructions to the jury at the instance of the defendant. No new trial was asked by the defendant. The defendant obtained a writ of error and *supersedeas* to this judgment rendered against him by the court.

*Berkshire & Sturgiss* for plaintiff in error.

*John Brannon* for defendant in error.

GREEN, JUDGE:

The first question to be decided is: Has this Court jurisdiction to hear and determine this case? The jurisdiction of this Court is declared in the Acts of 1882, chapter one hundred and fifty-six, section four. There are but two provisions in this statute conferring appellate jurisdiction on this Court, which it would be possible for any one to imagine conferred jurisdiction in this case on this Court. These provisions are: "Their appellate jurisdiction shall extend to civil cases when the matter in controversy exclusive of costs, is of greater value or amount than $100.00;" second, "in controversies concerning the title or boundaries of land." Neither of these clauses gives this Court jurisdiction in this case. To give this Court jurisdiction not only must the matter in controversy in the suit, on which the judgment was rendered, be of the value of $100.00 exclusive of costs, but the controversy in relation to the matter of that value must be continued by the writ of error. (See *Rymer* v. *Hawkins et al.*, 18 W. Va. 309, syl. 1, and 316 *et seq; Bee* v. *Burdett*, 23 W. Va. 748; *Neal* v. *Van Winkle*, 24 W. Va. 404; *McKinney* v. *Kirk & Bro.*, 9 W. Va. 32.)

Upon a writ of error by the defendant in this case the matter continued in controversy in this Court is only the amount of the judgment rendered by the court on December 8, 1882, that is, $12.00 with interest from that date and the costs of the defendant below. (*Lewis* v. *Long*, 3 Munf. 136 and other cases cited in *Rymer* v. *Hawkins et al.*, 18 W. Va. 316 *et seq.*) Nor has this Court any jurisdiction by virtue of the second clause above quoted; for this is not a controversy concerning the title or boundaries of land. It is true, that the bills of exception in this case show, that the title and bounds of the tract of land named in the declaration, for the breach of the close of which this action was brought, were drawn in question, the defendant by his evidence showing, that he claimed, that he and not the plaintiff had title to this land. "But in this action of trespass *quare clausum fregit* damages only are recovered; and although the title or bounds of land may be incidentally and collaterally brought in question, yet the value of the matter in controversy is from the very nature of the action the value of the damages sustained by the trespass;

and this, when the title or bounds of land may be drawn in question, as well as when it may in no manner be had in the dispute." The above language is quoted from Judge Cabell's opinion in *Hutchison* v. *Kellam* and *Lymbrich* v. *Seldon*, 3 Munf. 215–6; and I adopt it as expressing my views. In those cases it was decided (Syl. 2, 3 Munf. 202): "If in an action of trespass *quare clausum fregit* the damages recovered be less than $100.00, the defendant can not appeal to the court of appeals; notwithstanding it appears from the record that the title or bounds of lands were drawn in question." The law there conferred jurisdiction on the court of appeals in civil cases, when the matter in controversy exclusive of costs was of greater value or amount than $100.00, and in controversies concerning the title or boundaries of land. The language conferring this appellate jurisdiction was almost identical with the first and second clauses of the Acts of West Virginia of 1882, chapter one hundred and fifty-six, and section four, as above quoted, conferring appellate jurisdiction on this Court as appears from said cases. But there also then existed another provision of law conferring jurisdiction, if a judgment be for a *freehold* or *franchise*. This has been omitted from our statute-law. Because it was in the law, when these old Virginia cases were decided, Judge Coulter was of opinion, that the court of appeals had jurisdiction in these causes. But the other judges thought, that despite this provision the Court had no jurisdiction in any case of trespass *quare clausum fregit*, in which the judgment was for less than $100.00, and the writ of error was sought on behalf of the defendant. This conclusion or its equivalent has been frequently approved by a number of subsequent cases in the Virginia court of appeals. (*Skipwith* v. *Young*, 5 Munf. 279; *Umbarger* v. *Walls*, 25 Grat. 177 *et seq.*; *Clark* v. *Brown*, 8 Grat. 549.)

Upon reason as well as on the express authority of these cases it seems to me obvious, that this Court has no jurisdiction in this case, the judgment rendered against the plaintiff in error being less than $100.00. If the judgment had exceeded $100.00 in amount, this Court would have had jurisdiction; but even then we could not have considered the case on its merits. For even had we been of opinion, that all the in-

structions, which the court refused to grant the defendant below ought to have been given, we would nevertheless have been obliged to refuse to set aside the judgment below and award a new trial to the defendant, because he did not ask the court below to grant him a new trial, and as an appellate court we could not have decided; that he was entitled to a new trial, and have awarded him one, as we could not as an appellate court decide a question not presented to or acted upon by the court below. The reasons which would have necessitated us to refuse to award a new trial in this case, if we had had jurisdiction, are set out at length in *Danks* v. *Rodeheaver*, *infra.*

For the reasons I have given this Court is without jurisdiction to determine any of the questions in controversy between the parties; and the writ of error and *supersedeas* granted in this case must be dismissed as improvidently awarded; and the plaintiff in error, Samuel G. Sapp, must pay to the defendant in error, Levi Greathouse, his costs expended in this Court.

WRIT DISMISSED.

---

# WHEELING.

