# CHARLESTON

## MILLER *v.* NAVIGATION CO.

Submitted January 22, 1889.—Decided February 5, 1889.

JURISDICTION—SUPREME COURT OF APPEALS.

> In an action of *assumpsit* by a private corporation, authorized by its charter to levy tolls upon persons using a river, which had been improved by it, against the defendant for tolls, the defendant pleaded *non assumpsit*, and there is a judgment for the plaintiff for less than $100.00. Upon a writ of error by the defendant, *held*, this court has no jurisdiction to review the judgment of the Circuit Court, although the record shows that the real defence to the action was, that the condition of the river was such, that the plaintiff had no right to levy the toll, for which the judgment was recovered.

*Loomis & Tavenner* and *O. Johnson* for plaintiff in error.

*J. A. Hutchinson* and *J. B. Jackson* for defendant in error.

SNYDER, PRESIDENT :

Writ of error to a judgment of the Circuit Court of Wood

county rendered on December 24, 1887, in an action theretofore commenced by the Little Kanawha Navigation Company against D. M. Miller before a justice of said county. The claim of the plaintiff was for tolls on twenty two log-rafts, $66.00 and for penalty (double tolls,) $66.00 making together, $132.00. The justice gave the plaintiff judgment for $122.00 ; and the defendant, Miller, appealed to the Circuit Court, where the case was tried upon the issue of *non assumpsit* before a jury, which found a verdict in favor of the plaintiff for $66.00, for which sum the court after overruling the motion of the defendant to set aside the verdict entered judgment; and it is to this judgment that the defendant, Miller, obtained this writ of error.

The first question presented is : Has this court jurisdiction of the case ? The defendant in error, the Little Kanawha Navigation Company, is a domestic corporation. It was first incorporated by statute in 1863 and was authorized to improve the navigation of the Little Kanawha and Hughes rivers by locks and dams, sluices, canals or other usual modes of improvement, commencing at or near the mouth of the Little Kanawha river, and extending up the same and Hughes river so far, as may be deemed practicable, with power to condemn lands and to "charge and receive such tolls for the use of their [its] improvement as may be fixed by the Board of Public Works or by law." By an act passed March 4, 1868, the legislature amended the charter of the company and therein prescribed specific tolls to be charged by the company, and among others fixed the rate of "toll on timber and logs at two cents per hundred cubic feet per mile."

The facts certified in this case show, that said company accepted the said charter and improved both of the aforesaid rivers ; that it had constructed several locks and dams on the Little Kanawha below the mouth of Hughes river, one at Leachtown, thirteen miles from the mouth of the Little Kanawha river, and another at Shacktown, four miles from the mouth of said river; that these locks and dams were during the whole month of February, 1887, in good order and condition ; that about the 17th day of February, 1887, the defendant, Miller, passed twenty two rafts of logs from a point about one mile

above the mouth of Hughes river over said two dams; that the toll on said rafts at the rate the company is authorized to charge was $66.00 and that this sum was demanded of the defendant, and he refused to pay the same or to pay any toll whatever on said rafts; that at the time said rafts were passed over said dams, the back-water from the Ohio river was over the dam at Leachtown, and the lock at that place as well as the one at Shacktown was entirely under water; and that not only rafts but steam-boats passed over the dams on that day without touching either locks or dams.

The counsel for Miller, in their brief, say : "The question involved is not whether these tolls or lockages were excessive, but whether, at the time they were demanded and *quoad* this transaction, the plaintiff had the right to levy any tolls whatever." This is a correct statement of the only plea or ground of defence made by the defendant in this case. He concedes, that, if he is not legally entitled to use the river without the payment of tolls, when by reason of the high water in the river he can pass over the dams without using the locks, then he is liable for the tolls, which the plaintiff has charged him, and that the judgment of the Circuit Court must be affirmed.

But on the other hand the counsel for the plaintiff contend, that the question presented is not, whether the plaintiff had the legal right to levy tolls, but whether the defendant owed the amount recovered by the plaintiff in this case, and that, the amount recovered being less than $100.00, this Court has no jurisdiction to review the judgment of the Circuit Court.

The third section of article VIII of our constitution declares, that the Supreme Court of Appeals "shall have appellate jurisdiction in civil cases, (1) where the matter in controversy exclusive of costs is of greater value or amount than $100.00 ; (2) in controversies concerning the title or boundaries of land, the probate of wills, the appointment or qualification of a personal representative, guardian, committee or curator; (3) or concerning a mill, road, way, ferry or landing; (4) or the right of a corporation or county to levy tolls or taxes; and (5) also in cases of *quo warranto, habeas corpus*" etc. Our statute carrying into effect these provisions is substantially the same as the constitution. Code, c. 135, s. 1.

As the amount in controversy in this case is less than

$100.00, it is plain, that the jurisdiction of this court, if it exists at all, is conferred by that one of the above provisions, which declares, that it shall have jurisdiction "in controversies concerning the right of a corporation or county to levy tolls or taxes." In order to show that this provision does not confer jursidiction, the counsel for the defendant in error rely on the follwing cases: *Hutchinson* v. *Kellam*, 3 Munf. 202; *Skipwith* v. *Young*, 5 Munf. 276; *Hancock* v. *Railroad Co.*, 3 Gratt. 328; *Clark* v. *Brown*, 8 Gratt. 549; *Umbarger* v. *Watts*, 25 Gratt. 167.

The act of 1792 defining the jurisdiction of the Supreme Court of Appeals of Virginia, under which the first two of the above-cited cases were decided, provided, that said Court should have jurisdiction, where "the matter in controversy should be equal in value exclusive of costs to $100.00 or be a freehold or franchise." Under this statute it was decided in *Hutchinson* v. *Kellam*, 3 Munf. 202, that, "to give the court of appeals jurisdiction, on the ground that the matter in controversy is a freehold or franchise, the right to the freehold or franchise must be directly the subject of the action not incidentally or collaterally." This was an action of trespass *quare clausum fregit*, and the record showed, that the title or bounds of land was drawn in question, but, as the damages recovered were less than $100.00, the jurisdiction was denied. CABELL, J., in his opinion says: "To give this court jurisdiction, the matter in controversy must be equal in value to $100.00, or must be a freehold or franchise. The action of trespass is one in which damages only are recovered, and, although the title or bounds of land may be incidentally and collaterally brought in question, yet the value of the matter in controversy is, from the very nature of the action, the value of the damages sustained by the trespass; and this, as well where the title or bounds of land may be drawn in question as where they may in no manner be involved in the dispute." This view of the case was concurred in by Judges ROANE and FLEMING.

The case of *Skipwith* v. *Young*, *supra*, was an action on the case for injury to the plaintiff's family and to his adjoining land occasioned by the erection of a mill and dam by the defendant. It plainly appeared from the pleading in the case,

7

that the right of the defendant to erect the mill was drawn in question, but, the damages recovered being less than $100.00, it was held, that the court of appeals had no jurisdiction, although the statute in express terms gave such jurisdiction in cases, where the matter in controversy was a freehold or franchise, regardless of the amount or value in controversy. BROOKE, J., in his opinion after reviewing and affirming the principles and decision of the court in *Hutchinson* v. *Kellam* says : " The matter in controversy is that for which the suit is brought, and not that which may or may not come in question. In the case relied on in 3 East 346, [*Outram* v. *Morewood*,] Lord ELLENBOROUGH says, the judgment is the fruit of the action and can only follow the particular right claimed and injury complained of. The injury in the case before the court, I think, is emphatically the matter in controversy, though other matters may have been put in issue, the finding of which by the jury may, if pleaded, estop the party in another action." 5 Munf. 286. And then, adverting to the consequences of so construing the statute as to extend the appellate jurisdiction to cases, in which matters were not directly in controversy, but which may have been indirectly drawn in question, the same judge says : " If this court is to take jurisdiction by consequence,—that is, if an appeal will lie here from the indirect decisions of the inferior courts, in which matters may have come in question though not in controversy between the parties according to the foregoing exposition of that expression, few cases will escape the jurisdiction of this court." The decision of the court sustained these views of Judge BROOKE.

In 1819, after the two foregoing decisions had been rendered, the statute was amended by authorizing appeals as of right in controversies concerning roads, mills *etc.*, and yet after this change in the statute the court in *Hancock* v. *Railroad Co.*, 3 Gratt. 328, decided, that " appeals as of right from orders of the County Court in controversies concerning roads only exist, where the controversy is concerning the establishment of a road, and not where it is a collateral controversy concerning the damages occasioned by a road already established." And subsequently in 1852 the court in *Clark* v. *Brown, supra,* decided that, " in an action on the

case for an injury done to plaintiff's land by the mill-dam of the defendant, though the freehold or franchise was drawn in question, yet, if the damages found by the jury are under $200.00, the court of appeals has no jurisdiction of the case." The constitution of Virginia adopted in 1869 provides, that the "Supreme Court shall not have jurisdiction in civil cases, where the matter in controversy exclusive of costs is less in value or amount than $500.00 except in controversies concerning the title or boundaries of land, the probate of a will, * * * or concerning a mill, roadway, ferry or landing or the right of a corporation or of a county to levy tolls or taxes," *etc.* It is plain that the language here employed excepts from the limitation of $500.00 and allows appeals without regard to the amount in controversy in all controversies concerning the title or boundaries of land and the other excepted controversies mentioned in said provision of the constitution; and yet in the case of *Umbarger* v. *Watts*, 25 Gratt. 167, decided in 1874 under said constitutional provision the court reviews all the Virginia cases hereinbefore mentioned and in effect decides, that the law as announced in those cases is still the law of that State notwithstanding the aforesaid constitutional provision. In concluding the opinion of the court in that case, CHRISTIAN, J., says: "In support of these views as to the true construction of the constitution, it may be further observed that not only have the words 'matters in controversy' received a judicial exposition, but also the word 'concerning,' as used in the constitution;" citing *Hancock* v. *Railroad Co.*, *supra.*

In *Neal* v. *Com.*, 21 Gratt. 511, the town of Danville assessed Neal with a double tax for failing to take out a license as a commission-merchant, and he applied to the corporation-court of that town to be relieved from said tax, on the ground that he was not bound to take out such license. The amount of the tax was less than $500.00, and said court refused to relieve Neal from the tax. On appeal the Supreme Court held, that the appeal did not lie, and dismissed it, because the amount in controversy was less than $500.00. In delivering the opinion of the court MONCURE, P. after deciding, that it was a civil and not a criminal case, proceeds to

quote the provisions of sec. 2, art. VI, of the constitution of
that state, which among other matters gives the court of
appeals jurisdiction, just as our constitution does, in contro-
versies "concerning the right of a corporation or of a county
to levy tolls or taxes," and then says: "Certainly none of
these exceptions" [that is, these special provisions] "apply to
these cases;" and with this remark he dismisses the dis-
cussion, thus declaring that it is too plain for argument, that
the constitutional provision "concerning the right of a cor-
poration or of a county to levy tolls or taxes," does not
confer jurisdiction in such cases. 21 Gratt. 515.

This Court, in *Greathouse* v. *Sapp*, 26 W. Va. 87, after
reviewing and approving the aforesaid cases of *Hutchinson* v.
*Kellam* and *Skipwith* v. *Young*, as well as referring to many
other cases, held: "If in an action of trespass *quare clausum
freqit* the damages recovered be less than $100.00, the defend-
ant can not obtain a writ of error from this Court, though it
appears from the record, that the title or boundaries of the
land were drawn in question." This case, it seems to me,
decides the question before us. The provision, under which
the jurisdiction was claimed in that case, is that the court
shall have jurisdiction in controversies "concerning the title
of boundaries of land." If the mere fact, that the title to
land was drawn in question in the case, did not confer juris-
diction, as we decided in that case, it inevitably follows,
that the mere fact, that the right of a corporation to levy
tolls is drawn in question in the case at bar, will not confer
jurisdiction.

There are two provisions of the constitution affecting these
cases; that is, the language applicable to the one case is,
"concerning the title or boundaries of land," and to the
other, "concerning the right of a corporation or of a county
to levy tolls or taxes." The word "concerning" is used in
each class and must therefore have the same effect in both.
If it requires a direct proceeding in the one instance to confer
jurisdiction, it must be equally direct in order to confer
jurisdiction in the other; and it having been held both in
this state and in decisions of the Supreme Court of Virginia,
which are binding upon this Court, that in order to confer
jurisdiction independently of the amount in controversy it is

not enough, that the title or boundaries of land is incidentally or collaterally drawn in question, but that the land must be the direct subject of the controversy, it follows in the case at bar, that it is not enough, that the right of the corporation to levy tolls is drawn in question, but the right to levy tolls by the corporation must be the direct subject of the controversy. In this case the right of the corporation to levy tolls is not questioned, but it is claimed, that this right does not authorize the levy of tolls under the particular facts as shown by the defendant in this case. The only matter in controversy is the amount of the tolls and not the right to levy tolls. It is true the right to levy tolls under the special facts shown by the record in this case is drawn in question incidentally and collaterally, but the direct purpose of the action is the recovery of a specified amount of money. As in the instance concerning the title or boundaries of land the action must be for the land as in an action of ejectment, so in this instance the action must be against the right to levy tolls in any case and not merely a denial of the right in the particular case or under the special circumstances.

For these reasons, and in accordance with authorities before referred to I am of opinion, that this Court has no jurisdiction to review the judgment of the Circuit Court in this case.

Having decided this question upon the constitutional and statutory provisions of this State as construed by our own Court and the Court of Appeals of Virginia in decisions, which are binding upon us, it is irrelevant to refer to the decisions of other states relied on by counsel for the plaintiff in error to sustain the jurisdiction of this Court, because, even if the statutes of those states are the same as our own, still the decisions made under them, if not in accord with our own, would not warrant us in departing from the construction given to our constitution and statutes by our own courts.

It is, however, insisted, that the only direct proceeding, by which the right of a corporation to levy tolls can be put in issue, is by *quo warranto;* and, as our constitution in terms gives this Court appellate jurisdiction in all cases of *quo warranto,* the provision of the constitution now in question, if the construction we have given it is sustained, would be wholly

useless and without effect. It is not necessary or proper to decide in this case, whether or not *quo warranto* is the only direct proceeding, by which the right of a corporation to levy tolls or taxes can be tested. The courts of this state have in cases of municipal corporations taken jurisdiction by injunction in equity to prevent the collection of taxes illegally assessed by such corporations, and that jurisdiction has been maintained by this Court in some cases, where the amount in controversy was less than $100.00. *McClung* v. *Livesay*, 7 W. Va. 329; *Wells* v. *Board*, 20 W. Va. 156 ; *Christie* v. *Malden*, 23 W. Va. 667; *Williams* v. *County Court*, 26 W. Va. 488. These cases seem to hold, that this Court has jurisdiction to review the decrees of the Circuit Court concerning the right of a municipal or public corporation to levy taxes without regard to the amount in controversy. But in none of them was the question of jurisdiction, in the form it is raised in the case now before us, suggested or considered ; so that they are not binding authority either for or against the jurisdiction in this case. I have been unable to find in our Reports or in Virginia any case, in which the appellate court took jurisdiction concerning the right of a private or business corporation like the one now in question to levy tolls, where the amount in controversy was less than $100.00, and such right was not the direct matter in issue. But, as before stated, it is not necessary in this case to decide, whether or not *quo warranto* is the only proceeding, by which the right of a corporation to levy tolls can be directly assailed, or to decide whether or not the provision of our constitution authorizing this Court to review matters of controversy concerning the right of corporations to levy tolls or taxes is useless for any purpose; for, if we were driven to the alternative of so holding, that would not justify us in overruling the repeated decisions of the courts of this state and Virginia, made both before and since the adoption of said constitutional provision and thus settling the law, that in a case like the one before us this court has no jurisdiction. I regard the law of this State as too firmly settled by the authorities hereinbefore mentioned to be now disturbed or questioned; and for that reason as well as because of the inconvenience, that would result from a contrary decision, I am of opinion, that this Court

has no jurisdiction to review the judgment of the Circuit Court in this case, and that the writ of error must be dismissed.

DISMISSED.