# CHARLESTON.

## CLARK *v.* DOWER *et al.*

### Decided March 29, 1910.

1. APPEAL AND ERROR—*Decisions Reviewable—Amount in Controversy.*

    In an action of trespass on the case for injury to real estate, where plaintiff and defendant agree before trial that if plaintiff is entitled to any damage at all it shall be twenty-five dollars, and there is a verdict and judgment for defendant, there is no jurisdiction by writ of error in this Court.

2. SAME—*Decisions Reviewable—Controversy Concerning A Way.*

    If, in such action, deefndant does not plead the general issue, but sets up by special plea the right to a private way by prescription over plaintiff's land, such plea does not convert the plaintiff's action into a controversy *concerning a way,* within the meaning of Sec. 3 of Art. VIII of the Constitution of West

Virginia, so as to entitle him to a writ of error to this Court, when the damage claimed for the trespass is less than one hundred dollars.

3.   QUAERE.

Whether a license, or right of defendant acquired by prescription, to use plaintiff's land can be given in evidence under the general issue, in actions of trespass *quare clausum fregit*, discussed but not decided.

Error to Circuit Court, Mason County.

Action by Herman A. Clark against Patrick Dower, and others.   Judgment for defendants.   Plaintiff brings error.

*Dismissed.*

*Chas. E. Hogg, J. W. English,* and *John L. Whitten,* for plaintiff in error.

*Wm. O. Parsons, Rankin Wiley,* and *Somerville & Somerville,* for defendants in error.

WILLIAMS, JUDGE:

Plaintiff brought an action of trespass on the case in the circuit court of Mason county to recover damages for injury to real estate.   Defendants did not plead the general issue but pleaded specially a right of way by prescription over plaintiff's land; to this special plea plaintiff replied generally, and issue was joined.   The case was tried by jury on the 12th of December, 1906, resulting in a verdict and judgment for the defendants. To this judgment a 'writ of error was awarded plaintiff.   A number of errors are assigned, but we are confronted at the outset with the question whether, or not, this Court has jurisdiction.   It is insisted that this Court is without jurisdiction, because the action is concerning a matter that is only pecuniary, and the amount in controversy is less than one hundred dollars. If this be true, we have no jurisdiction of the case.   But counsel for plaintiff insist that the real controversy is *concerning* the right of way claimed by defendants over plaintiff's land, and that this confers jurisdiction without regard to the amount of damages claimed.   It was agreed between counsel in the lower court, and before trial, "that if the plaintiff is entitled to any thing at all in this case, the amount of damages shall be twenty five dollars."   This agreement unques-

tionably fixes the pecuniary amount of damages that plaintiff would have any right to demand, notwithstanding $500 was the amount alleged in his declaration, provided the attorneys had authority to bind their clients by such agreement, and we assume they had, as their authority is not questioned in the brief of counsel. Counsel for defendants insist that this agreement took away from the circuit court jurisdiction to try the case, because it fixes the amount in controversy at less than fifty dollars. Section 2, chapter 112, Code 1906. But we have no right to decide this question unless this Court has appellate jurisdiction to review the case.

If the right of plaintiff to sue out writ of error in this Court depends alone on the amount of damages involved in the action, then on principle, and according to the decision of this Court in *Dickinson* v. *Mankin,* 61 W. Va. 429, the agreement fixing the amount to be recovered, if any recovery at all, at twenty-five dollars, is conclusive and precludes the right of appeal, notwithstanding the declaration states the damages to be more than the appealable amount.

Section 3, Art. VIII of our Constitution provides that the Supreme Court of Appeals "shall have appellate jurisdiction in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars; in controversies concerning the title or boundaries of land, the probate of wills, the appointment or qualification of a personal representative, guardian, committee or curator; or concerning a mill, road, way, ferry or landing; or the right of a corporation or county to levy tolls or taxes."

Counsel for plaintiff insist that defendants, by failing to plead the general issue, and by pleading specially the right of way claimed by them over plaintiff's land, have converted this action into one "concerning a way," and that this entitles plaintiff to have the matter reviewed by this Court, notwithstanding the amount of damages claimed is less than $100. We do not think so. We do not think that the filing of the special plea has changed plaintiff's suit from an action of trespass, demanding pecuniary damages, into a controversy concerning a way, within the meaning of the constitutional provision defining the appellate jurisdiction of this Court.

What is the real matter in controversy? How is this to be

determined? Must we not look to the plaintiff's declaration
to see 'what his complaint is, what his demand? Does this
not determine the nature of his suit? What kind of a judgment
could the Court render in response to his declaration, if the
verdict be for him; or what must be the judgment if per-
chance it should be against him? It would seem that an
answer to these questions would go far toward determining the
matter in issue, the controversy, because the judgment must
respond to the issue. If plaintiff should prevail the judgment
would be that he recover against the defendants twenty-five
dollars; if the judgment should be against him it would be
that he take nothing by his suit. These are the only kinds
of judgment that could be rendered in the case, and they, as
well as the declaration itself, show that the demand is purely
pecuniary. The matter in controversy by 'which appellate juris-
diction is to be determined is "that which is the essence and
substance of the judgment, and by which the party may dis-
charge himself." *Umbarger* v. *Watts,* 25 Grat. 167. It is true
that the right of way was brought in question and was involved
in the suit but only indirectly and as matter of defense to the
suit. The trespass complained of consisted in the cutting of
a wire fence by the defendants which plaintiff had erected
across the way claimed by defendants; it therefore followed,
as a matter of course, that if defendants could establish their
claim to the right of way they would not be guilty of the tres-
pass, as no other trespass was alleged than the cutting of the
fence, and the passing over plaintiff's land along the alleged
right of way. Defendants therefore filed a special plea by
way of confession and avoidance setting up their right of way
over plaintiff's land by prescription. If they could succeed
in proving their title to the easement, it would be as complete
a defense to plaintiff's suit as it would be to prove that they had
never committed any trespass under the plea of "not guilty."
They had a right to plead specially and were not bound to
plead the general issue, and inasmuch as the only trespass
complained of was confined to the alleged right of way, a com-
plete defense could be made to plaintiff's action by proving the
right set up in the plea. True the plea alleges affirmative
matter but it does so only as a defense to plaintiff's action;
it calls for no affirmative relief, neither could any be given a

defendant in such an action. The same kind of judgment would have to be rendered in the case, whether the plea were special or general, or both special and general. The claim to the right of way is only defensive, and, therefore, collateral to the real matter in controversy which is whether, or not, plaintiff is entitled to recover damages for an alleged trespass to his land.

It is well established by repeated decisions, both by this Court and by the supreme court of appeals of Virginia that in actions for damages on account of trespass to real estate, where the damage claimed is less than one hundred dollars, this Court is without jurisdiction to review the the judgment of the circuit court, notwithstanding other matters may have been involved and necessarily decided in order to determine the main issue in the case, which, if they had been made the direct subject of a suit, or action, would have given the right of appeal. It is urged by counsel for plaintiff that the filing of the special plea, and the failure to plead the general issue, gives this case a status different from what it would have had if the general issue had been pleaded. We do not think so. It may be that the special plea was necessary in order to admit proof of the easement, it being by way of confession and avoidance, and not a traverse of the declaration. But it is not necessary for us to decide this point, as we do not think it determines the jurisdictional question. Whether the proof of a right of way could have been given under the general issue, if it alone had been pleaded, or whether a special plea was essential in order to admit such proof, does not change the nature of the controversy shown by plaintiff's declaration, or the character of the judgment that would have to be rendered by the Court pursuant to the only kind of verdict that could have been found in the case, regardless of the plea, or pleas, filed, which must have been either "for the plaintiff for $25.00 damages," or for the defendant, "not guilty." It seems to be settled in this state that in actions of trespass *quare clausum fregit* defendant may, under the general issue, prove want of title or right to the possession in plaintiff. *Dickinson* v. *Mankin*, 61 W. Va. 429, and authorities cited in the opinion by Judge BRANNON on page 434; Hogg's Pl. & Pr., section 229; and Rob. New Pr. 648.

In England and also in many of the states of the Union,· the rule of practice is that in order to be allowed to prove a license, or prescriptive way over plaintiff's land in actions of trespass *quare clausum fregit,* it must be specially pleaded. 21 Enc. Pl. & Pr. 838, and cases cited in note 8. But it may be that, in Virginia and in this state, this rule is modified by statute, section 8, chapter 103, Code 1906, which authorizes "trespass on the case" to be brought in any case where "trespass" lies; and in actions of trespass on the case the rules of practice were always liberal enough to admit, under the general issue, proof of anything that would bar plaintiff's action. 21 Enc. Pl. & Pr. 921, and *Ridgeley* v. *West Fairmont,* 46 W. Va. 445. May not this statute intend that, where an action of trespass on the case is brought for a wrong which prior to the statute could only have been redressed by an action of *"trespass vi et armis,"* the rules of pleading and evidence which have always applied in actions of trespass on the case, shall apply to it also? I am inclined to think so. But, as before stated, we do not decide whether defendants in the present case could have proven the alleged right of way by prescription over plaintiff's land under the general issue, if it had alone been pleaded, as a decision of this question is not necessary to a decision of the question of our jurisdiction to review the case.

If the question of our jurisdiction were one of first impression we might feel inclined to give the language of the constitution such a construction as would permit an appeal to this Court in this, and in similar cases, notwithstanding the right of way is collaterally drawn in question, and only as a defense to plaintiff's action. But we feel bound by the construction given to the statute by this Court in a number of previous cases, and also by repeated decisions of the court of Virginia construing the same language used in the statute of that state prior to the formation of this state. The question is settled by decisions which we regard as binding on us.

*Greathouse* v. *Sapp,* 26 W. Va. 87, was a case ·where the plaintiff brought trespass *quare clausum fregit* for the cutting and carrying away trees from his land claiming $250 damages. The defendant pleaded "not guilty," and the proof showed that he claimed title to the land on which the trespass was alleged

to have been committed. Plaintiff recovered a verdict and judgment for $12. The Court in that case held that a writ of error did not lie to this Court, "though it appears from the record, that the title or boundaries of the land are drawn in question." The same doctrine was again announced in *Dickinson* v. *Mankin,* 61 W. Va. 429. This was also a case of trespass *quare clausum fregit* for the cutting of timber. Here the plaintiff pleaded both "not guilty" and *liberum tenementum.* Trial was had which resulted in a verdict and judgment for the defendants. The plaintiff sought to have the case reviewed by this Court, and it was held that, because plaintiff's own evidence showed that the amount, at most, to which he was entitled, if to anything at all, was less than one hundred dollars, this Court was without jurisdiction, notwithstanding the title to the land was drawn in question.

It will be observed that the same phraseology, used in the Constitution in defining the appellate jurisdiction of this Court, applies in respect to cases involving title to land as applies to controversies concerning a mill, road, way, ferry or landing; hence, the analogy of the two cases above referred to to the one under review. The language of the Constitution is, "in controversies concerning the title or boundaries of land * * *; or concerning a mill, road, way, ferry or landing." The title to the land in those two cases was brought in question collaterally, and for the purpose of defense to plaintiff's money demand, just as the defendants' right of way is brought in question in the present case for the purpose of defeating plaintiff's money demand. If it can not be said that the title to the land in those cases was in controversy so as to give right of appeal, how can it be said that the right of way in the present case is the matter in controversy so as to give the plaintiff a writ of error to this Court?

This question again received careful consideration by this Court in the case of *Miller* v. *Navigation Co.,* 32 W. Va. 46. That was an action by the Navigation Company to recover certain tolls from the defendant for floating rafts over its dams constructed across the Little Kanawha River under the rights given it by charter. The defendant pleaded *non assumpsit,* and under this plea set up the defense that the plaintiff had no right to charge toll. The trial resulted in a verdict and judgment

for the plaintiff for $66. A portion of the syllabus in that case reads as follows: "Upon a writ of error by the defendant, *held,* this Court has no jurisdiction to review the judgment of the circuit court, although the record shows that the real defence to the action 'was, that the condition of the river was such, that the plaintiff had no right to levy the toll, for which the judgment was recovered." In that case Judge SNYDER, who delivered the opinion of the Court, reviewed a number·of Virginia cases which are authority for the general proposition that, in relation to those matters concerning which an appeal is given to this Court, such matters must be the subject of direct proceeding, and·not such as may be introduced into the case collaterally, and merely as defense to plaintiff's suit or action, viz: *Hutchinson* v. *Kellam,* 3 Munf. 306; *Skipwith* v. *Young,* 5 Munf. 276; *Hancock* v. *Railroad Co.,* 3 Grat. 328; *Clark* v. *Brown,* 8 Grat. 549; and *Umbarger* v. *Watts,* 25 Grat. 167.

We hold that we have no jurisdiction to review this case, and therefore dismiss the 'writ of error as improvidently awarded.

*Writ Dismissed.*

NOTE BY BRANNON, JUDGE:

I am entirely satisfied with the opinion prepared for the Court by Judge WILLIAMS; but it being claimed that a judgment in trespass *quare clausum fregit,* when there is a plea of *liberum tenementum,* is final as to title even in an after action of ejectment, and that *Dickinson* v. *Mankin,* 61 W. Va. 429, is wrong. I have been led to re-examine the matter.

If we go to *Hutchinson* v. *Kellam,* a thoroughly considered case, 3 Munf. 202, we find the court holding that an appeal does not lie in an action of trespass when the damage is less than $100, though the statute gave the writ of error where the title or bounds of land or a franchise is drawn in question. The pith of the reason for this is stated thus in the opinion: "The action of trespass is one in which damages only are recovered; and although the title or bounds of land may be incidentally and collaterally brought in question, yet the value of the matter in controversy is, from the *very nature of the action,* the value of the damages sustained by the trespass; and this, as 'well where the title or bounds of land'

may be drawn in question, as where they may in no manner be involved in the dispute". The court did not make this dependent on whether the plea was not guilty or *liberum tenementum,* but on the nature of the action. *Morse* v. *Marshall,* 97 Mass. 519, so holds. *Johnson* v. *C. & M. Co.* (C. C. A.) 86 Fed. 269, says title cannot be tried in trespass. In 75 Am. Dec. 767, held conclusive in second action of trespass. Court declined to say whether in ejectment. Our Code of 1906, chapter 135, demands certain "matters in controversy" to warrant appeal, and grants it "In controversies concerning the title or boundaries of land", meaning involving title or boundaries directly in issue and directly affected by the judgment. In *Skipwith* v. *Young,* 5 Munf. 276, it is held that no appeal lies from an action of trespass where the damages are below $100, "notwithstanding it appears from the record that the right to erect the mill was drawn in question." In that case the court defined "the matter in controversy" as "that for which the suit is brought, not that which may or may not come in question". Trespass is only for money recovery. But it is said that where the plea of not guilty only is used there is no appeal, but where *liberum tenementum* is the plea title of land is involved. I answer that defense of superior title or right in the defendant may be given in evidence under not guilty. Citations in *Dickinson* v. *Mankin,* on page 434 of 61 W. Va.; 21 Ency. Pl. & Prac. 832. If title can be relied on under the general issue as well as under the plea of *liberum tenementum,* what difference that this plea is in? It does not change the nature of the action. It is still the fact that the action is only one for invasion of present possession, involving only right to *present possession,* not *title.* The theory of this difference of plea will not do. There was such a plea in *Skipwith* v. *Young,* yet the court held that title was not involved. And in *Clark* v. *Brown,* 8 Grat. 549, the court, asserting that title is not involved so as to give appeal in trespass, said that "Notwithstanding the imposing form in which the questions (right to land) were there presented, and although it was argued and authorities adduced to prove that a verdict and judgment in an action *t. c. f.* in *which the pleadings put the freehold in issue* were conclusive of the right and could be pleaded by way of estoppel, the court determined that as the damages were less than $100 the defend-

ant could not appeal." Now, I say that this view of the question was taken in *Sapp* v. *Greathouse,* 26 W. Va. 87, and *Miller* v. *Navigation Co.,* 32 *Id.* 49. Those cases give the prior Virginia cases that construction. So do the cases of *Umbarger* v. *Watts,* 25 Grat. 177, and *Buckman* v. *Metz,* 77 Va. 125. The *Hutchinson Case, supra,* holds that to give appeal title to land must be directly in question. So we said in *McClaugherty* v. *Morgan,* 36 W. Va. 193. Judgment in trespass would bar a second action of trespass; but not a writ of right when it prevailed, or ejectment, now a real action, now substituted for the writ of right. Ejectment once did not settle title, but only present possession, and was no bar to a writ of right. Now ejectment is a real action in place of the abolished writ of right. And now judgment in trespass does not bar ejectment. Ejectment requires ouster; not so for trespass. "Trespass can not be employed as a substitute for ejectment." Sedgwick & Wait, Trial of Land Titles, sections 93, 178. Such is the law in the Virginias, whatever it is elsewhere.

POFFENBARGER, JUDGE, *(dissenting):*

I am unable to concur in the views of my associates. The parties to this action have put into direct issue, by the special plea and traverse thereof, the private way claimed by the defendant, and the Constitution gives appellate jurisdiction in all controversies concerning roads and ways. None of the decisions of this Court and the Virginia court, relied upon as denying such jurisdiction, save that of *Dickinson* v. *Mankin,* 61 W. Va. 429, passes upon the exact question, for, in the latter only, was the question of title put in issue by a plea, and that case is not exactly in point, because it related to title and boundaries of land and not a way. Besides, it is off-set by *Shaver* v. *Edgell,* 48 W. Va. 502, in which a writ of error was entertained under almost the exact conditions presented here.

The interposition of the special plea, setting up right in the defendant, constitutes ground for distinction. Herman on Estoppel and *Res Judicata,* section 276, says: "Thus in trespass, upon not guilty pleaded, the title is not concluded, though if the title is put in issue by a plea of soil or freehold, the verdict will be conclusive on the title in another action of tres-

pass for an injury done to the same land. So, in actions on the case for interruptions of rights and other easements; on the general issue, the title is not settled though if the defendant plead a title in bar, and issue is taken on it, the verdict will settle that point for future actions." This is fully sustained by decisions of reputable courts, cited in the notes. Upon principle; therefore, the judgment in favor of Dower is *res judicata* and gives him an unimpeachable right of way over Clark's land, for review of which this Court denies the latter right of review, notwithstanding the constitution says such right shall exist in all cases of controversy concerning roads and ways. *Dickinson* v. *Mankin* says the judgment in such case is not *res judicata,* but I think this proposition is not sustained by any other decision of this Court or those of Virginia.

The doctrine of *Hutchinson* v. *Kellam,* 3 Munf. 202, and *Skipwith* v. *Young,* 5 Munf. 276, is consistent with the principle stated in Herman on Est. & Res Jud. as quoted, because there was no special plea in either of them. The same is true of *Greathouse* v. *Sapp,* 26 W. Va. 87, and *Miller* v. *Navigation Co.,* 32 W. Va. 46, and none of them is authority for the view expressed in *Dickinson* v. *Mankin.* The idea that this plea does not put the title to the road directly in issue and make the judgment *res judicata* is based upon mere argument against authority, founded in nothing more substantial than that the same evidence would have been admissible under the plea of not guilty. That might do, if it had not been repudiated by so many decisions. There are a few cases which say a judgment on such a plea in an action, involving right of possession only, will not bar one, involving the superior right of title, *McKnight* v. *Bell,* 135 Pa. St. 358, and *Arnold* v. *Arnold,* 17 Pick. 4, but these admit its binding force in actions of equal dignity, or involving the same right. On the other hand, the exception, made by these cases is denied by the great weight of authority, holding the judgment final and binding as to every question, directly put in issue by the plea. *Elson* v. *Comstock,* 150 Ill. 303; *White* v. *Chase,* 128 Mass. 158; *Standish* v. *Parker,* 2 Pick. 20; *Smith* v. *Sherwood,* 4 Conn. 282; *Church* v. *Leavenworth,* 4 Conn. 277; *Richmond* v. *Hays,* 2 Pa. St. 492; *Richardson* v. *Boston,* 19 How. 163; *Cortlandt* v. *Willis,* 19 Ohio 142; *Dick* v. *Webster,* 6 Wis. 481;

Van Fleet's For. Adj., section 404, citing numerous authorities.

However, in view of the holding of this Court, I shall now be compelled to say it is not *res judicata*. This decision denies right of review on the ground that the right of way is only collaterally involved, and *Dickinson* v. *Mankin* says the judgment is not final and conclusive as to it. Rather than deny any right of review at all, I yield to that conclusion, as a choice between evils, being unable to obtain a correction of what I consider an erroneous decision.