MALACHI H. WHITE *vs.* ABISHA H. CHASE.

Bristol.    Oct. 28, 1879. — Jan. 8, 1880.    COLT & AMES, JJ., absent.

The record of a judgment in an action of trespass *quare clausum fregit*, if the question of title was put in issue, tried and passed upon, is admissible in a subsequent writ of entry between the same parties to recover the same land; and, if the pleadings in the former action do not alone show upon what ground the judgment was based, this may be shown by parol evidence.

WRIT OF ENTRY to recover a parcel of land in Dartmouth. Plea, *nul disseisin*, with a disclaimer as to a part of the demanded premises ; and a specification that the title to the rest of the premises was put in issue and tried in a former action between the same parties.    At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the tenant ; and the demandant alleged exceptions.    The facts appear in the opinion.

*H. J. Fuller*, for the demandant.

*G. Marston & W. Clifford*, for the tenant.

MORTON, J.    The admissibility of the record of the former judgment between these same parties depends upon the question whether the issue upon which the present case turns was in fact litigated and decided in the former suit.    It is true that an action of tort in the nature of trespass *quare clausum fregit* does not necessarily involve anything more than the right of possession, that the title or seisin may not be in issue, and that the judgment in such action is conclusive only upon the matter adjudged, which is the right of possession.    *Johnson* v. *Morse*, 11 Allen, 540.    *Morse* v. *Marshall*, 97 Mass. 519.    But the trial of an action of trespass may turn upon the question of title, and if that question is put in issue, tried and passed upon by the jury or court or a referee, the verdict or finding, and judgment following it, are competent evidence of that fact in a subsequent writ of entry between the same parties, even if it does not operate as a conclusive estoppel.    *Eastman* v. *Cooper*, 15 Pick. 276.    *Dutton* v. *Woodman*, 9 Cush. 255.    *Sawyer* v. *Woodbury*, 7 Gray, 499. *Burlen* v. *Shannon*, 99 Mass. 200.

The former suit, the record of which was admitted in evidence against the demandant's objection, was an action of trespass

between the same parties. The answer of the defendant therein alleged soil and freehold in himself, and denied all the allegations of the declaration. The action was then referred under a rule of court, the referee made an award in favor of the defendant, which was returned into court and accepted, and judgment rendered thereon. The pleadings alone do not show upon what ground the judgment was based; but it was competent for the tenant to prove, by parol testimony or otherwise, that the fact of title was tried and passed upon by the referee and made the basis of his finding. For this purpose, the finding of the referee that the land in controversy was conveyed to the defendant by Davis Collins in 1860 was admissible. It tended to show that the ground upon which his decision proceeded was that the title was in the defendant, and not in the plaintiff. *Evans* v. *Clapp*, 123 Mass. 165.

Presuming, as we must, that the presiding justice gave proper instructions as to the effect of the evidence admitted, we are of opinion that neither of the demandant's exceptions can be sustained. *Exceptions overruled.*