# CHARLESTON

## DICKINSON v. MANKIN.

Submitted September 12, 1906.   Decided March 5, 1906.

1. ERROR, WRIT OF—*Jurisdiction—Amount in Controversy.*
   In an action of trespass *quare clausum fregit*, the only damage claimed being the cutting of timber, and the plaintiff giving evidence of no other damage, and his evidence showing the value of the timber, at most, to be under $100, this Court has no jurisdiction of a writ of error.   (p. 430.)

2. SAME—*Trespass—Title to Land.*
   An action of trespass *quare clausum fregit* is not a controversy concerning the title or boundary of land, giving jurisdiction in this Court for a writ of error therein.   (p. 431.)

3. TRESPASSES—*Defenses—Liberum Tenementum.*
   Under the plea of not guilty in an action of trespass *quare clausum fregit* the defendant may give evidence to show that the land on which the entry or trespass was made was his own freehold, not the plaintiff's.   (p. 43.)

(SANDERS, JUDGE, Absent )

Error to Circuit Court, Raleigh County.

Action by John Q. Dickinson against Crocket Mankin and others. Judgment for defendants, and plaintiff brings error.

*Reversed.*

A. D. PRESTON, for plaintiff in error.

A. P. FARLEY and W. H. McGINNIS, for defendants in error.

BRANNON, JUDGE:

John Q. Dickinson brought an action of trespass *quare clausum fregit* against Crocket Mankin and P. S. Burkholder to recover damages for entering upon a tract of land claimed by Dickinson and cutting timber thereon. The defendants pleaded two pleas, one not guilty, the other *liberum tenementum*. A trial before a jury was had resulting in a verdict for the defendants, on which judgment was rendered for them, and Dickinson brings the case to this Court.

The defendants challenge the jurisdiction of this Court to entertain the writ of error. They claim that this suit is one for the recovery of money only, and that the plaintiff by his own uncontradicted evidence, proved himself entitled to less than $100, and that therefore we have no jurisdiction of this writ of error. Dickinson's evidence showed the cutting of eighteen trees, and that they were worth $2.50 each, and the cutting of saplings making five hundred and thirty-one poles worth ten cents each. Thus it is plain, and without contradiction, that the plaintiff's own evidence showed a right to recover, at most and at highest, $98.70. No other basis of damage appears from evidence. There is no doubt of the rule that where the plaintiff sues in such case it is the amount demanded in his declaration which tells jurisdiction for him of a writ of error. But here is a case where the plaintiff's highest claim, shown by evidence, could not exceed $98.70. He has proven himself out of the appellate court by his own showing. In such case the declaration is not the only test. In actions of this character the demand of the declaration is generally unreal and fictitious, made large enough to cover any possible recovery. When the plaintiff proves that the declaration is not the test we must

look to the evidence. It is settled that the plaintiff must be aggrieved to the extent of one hundred dollars, and that the controversy in this Court must amount to one hundred dollars. This Court must have that amount before it to pass upon. It is also settled, in such a case as this, that we are not bound by the declaration alone in ascertaining amount, but that we must look at "the pleadings, the evidence before the court or jury, or from affidavits." *Marion Works* v. *Craig*, 18 W. Va. 559; *Curry* v. *Lawler*, 29 *Id.* 111; *Neal* v. *Van Winkle*, 24 *Id.* 401. There is nothing to test this amount really in this case but the evidence; the only evidence for measure of damages. In a money point of view the plaintiff has no right to his writ of error.

But can the plaintiff sustain his writ of error on the ground that it is a controversy concerning title or boundaries of land? The case of *Greathouse* v. *Sapp*, 26 W. Va. 87, is decisive to show that such action of trespass does not involve title or boundaries of land so as to give a writ of error under that clause of the constitution granting a writ of error in suits involving title or boundary of land, though the record show that title and boundary were in fact in question in it. But in that case the only plea was not guilty, while here is the plea of *liberum tenementum*. Under that case we must concede that where the plea is the general issue, not guilty, there can be no appeal under this head. In this case there is the plea of *liberum tenementum*. Whilst all the books mention this plea, its long history is somewhat obscure, and the decisions touching its application are very numerous, very numerous and somewhat conflicting, in both England and America. So far as I am enabled to say it has been very little used in the Virginias, and the abstruce learning touching it is very little known. Yet there is much law book authority on it. Early in Virginia it was held to be a good plea. *Mangum* v. *Flowers*, 2 Munf. 205. In the sixth volume of Robinson's Practice, 780, is a full history of the plea. Once it was used only where the plaintiff's declaration was very general in its description of the land, not specifying it, and this plea performed the office of compelling a novel assignment, that is, a more definite description; but long since the plea has performed a

wider function. So we find it stated in 21 Ency. Pl. & Prac., 840, where it is stated that the effect of the plea "is to confess that the plaintiff had possession of the close named generally at the time of the act complained of, and that such act was committed by the defendant as set forth, but to avoid the trespass by averring a right to enter and act as alleged." The plea in legal effect admits possession in the plaintiff such as would enable him to maintain the action against a wrong doer, and asserts a freehold in the defendant, with right to immediate possession as against the plaintiff. *Fort Dearborn Lodge* v. *Klein*, 115 Ill. 177. "The plea of *liberum tenementum* admits the fact that the plaintiff was in possession of the close described in the declaration; and that the defendant did the act complained of; raising only the question whether the close described was the defendant's freehold or not. And his title must be proved either by deed or other documentary evidence, or by an actual, adverse and exclusive possession for twenty years; inasmuch as, under this issue, he undertakes to show a title in himself, which shall do away with the presumption arising from the plaintiff's possession." 2 Greenleaf on Evidence, section 626. So it seems that this plea raises the question of title and boundary. What is the effect of verdict and judgment when that plea is in? It would seem that it would be conclusive upon the title. If so Dickinson's right to the land he claims would be concluded in this case, and this being so his suit involved title and he would be entitled to a writ of error. Investigation of the effect of verdict and judgment upon such plea will show a woeful conflict of authority upon it. Van Fleat's Former Adjudication, section 404, says: "If the title to land is put in issue and determined in an action of trespass, q. cl. fr., it is concluded in Colorado, Illinois, New Hampshire, New York, Pennsylvania, South Carolina, Tennessee, and in the courts of the United States, England, and New South Wales, while the contrary is true in Massachusetts and Michigan." An investigation of the cases on the subject produces much doubt. It will so appear from Van Fleat in his further discussion. Van Fleat cites Pennsylvania for the rule of finality; but *McKnight* v. *Bell*, 135 Pa. St. 358, distinctly holds that a judgment upon such plea, when the only plea, is conclusive

in a second action wherein the freehold is attempted to be put in controversy; yet such judgment is not conclusive of the title in a subsequent ejectment, especially when the plea of *liberum tenementum* was accompanied by a plea of not guilty, although it be shown that the only dispute on the first trial was as to title. *Elson* v. *Comstock*, 150 Ill. 303, 37 N.E. 207, holds such judgment a finality on title, if it appear from the record or be shown by oral testimony that the title was actually tried. See Herman on Estop., section 281; *White* v. *Chase*, 128 Mass. 158; Bigelow Estop. 98. Now, the record in this case, including all the evidence, shows that title and boundaries were in controversy in this suit, and therefore it might be plausibly claimed that the case is one involving title and boundary. It is difficult to tell what rule should be laid down. In *Arnold* v. *Arnold*, 17 Pick. 4, the court denied the finality of a judgment upon such a plea. It said that a judgment upon an issue of soil and freehold was not conclusive in a writ of right. It said that the plea of soil and freehold, meaning *liberum tenementum*, would be supported by defendant proving an estate for his life, or that in a writ of right the property was in question. The court said that the action of trespass *quare clausum fregit* and the various writs of entry affect only the right of possession and entry and do not conclude as to the mere right. A tenant can sustain trespass against his landlord unlawfully entering upon his possession, and yet it would not be thought that the landlord would lose his title. Still in answer to this it may be said with success that the true matter of contest could be proven by parol, and thus prevent the loss of the landlord's title. I might pursue the many decisions upon this subject elsewhere, with the result only of producing confusion, not enlightenment. I doubt whether such a judgment would be a bar to the writ of right formerly used in Virginia to try the mere right, the very fee title, to land. And I doubt to-day whether it could so operate against an action of ejectment which now, with us, is a real action performing the functions formerly performed by the writ of right. The one relates to the possession, is a possessory action; the other touches the very right and title. We all know, as was said in *Greathouse* v. *Supp*, above, that trespass is to recover mere damages for invasion of land, or rather invasion of possession,

28

not to recover land. No writ of possession can issue under a judgment in an action of trespass.] An appeal lies in an action of unlawful detainer, which is an element of title. Not so in trespass. It bears only indirectly, when it must bear directly, on title to give jurisdiction under this head. *Cook* v. *Daugherty*, 99 Va. 590; *McClaugherty* v. *Morgan*, 36 W. Va. 192. See *Barret* v. *Coal Co.*, 51 W. Va. 420.

There is another argument here. It has long been settled that under the plea not guilty the defendant may show that the land was his own freehold. So said Judge Lee in *Callison* v. *Hendrick*, 15 Grat. 248, citing many authorities. It is well settled. 6 Robinson's New Prac. 648; Hogg's Plead. & Forms, 185. It puts in issue the trespass, and title or right of possession, and the defendant can give evidence of any matter good under plea of title, "or any matter applicable to a plea of *liberum tenementum* in himself or in a person under whose order he did the trespass, or may show a right of possession in himself." 21 Ency. Pl. & Prac. 834. Thus, as both pleas allow the same evidence, and our case of *Greathouse* v. *Sapp*, above cited, denies that in trespass the title is involved so as to give a writ of error, we say that this case does not touch title or boundary so as to give that writ, and we dismiss it for want of jurisdiction, and decide nothing of the merits of the case.

*Reversed.*