# CHARLESTON.

LAWSON *v.* HERSMAN.

Decided May 10, 1910.

APPEAL AND ERROR—*Appellate Jurisdiction—Jurisdictional Amount.*
When it appears without conflict or doubt from the record, in a purely pecuniary action, that the sum for which plaintiff was entitled to judgment, if entitled at all, did not exceed one hundred dollars, a writ of error cannot lie to a denial of judgment to him, even though he declared for a sum sufficient to call for appellate jurisdiction.

Error to Circuit Court, Lewis County.

Action by George C. Lawson against Mark Hersman. Judgment for defendant, and plaintiff brings error.

*Dismissed.*

*W. G. Bennett,* for plaintiff in error.

*Robert L. Bland,* for defendant in error.

ROBINSON, PRESIDENT:

Lawson and wife, on September 18, 1902, conveyed a tract of land to Hersman. The deed contains this clause: "It is expressly understood that the parties of the first part hereby reserve and except from this conveyance a one-fourth interest in all the oil and gas in and under said tract of land; and this deed is made subject to a lease for oil and gas made by the first

parties to Reed T. Goe and now in force upon the oil and gas in and under said tract of land, which lease the first parties hereby assign and turn over to the said Hersman, subject to their rights and interests so above secured."

The oil and gas lease mentioned was one providing for a royalty of one-eighth of the oil produced thereunder and $300 for each gas well drilled on the premises. The lessee therein covenanted and agreed "to complete a well on said premises within six months from the date hereof, or pay at the rate of fifteen dollars quarterly, in advance, for each additional three months such completion is delayed from the time mentioned for the completion of such well until a well is completed." In this connection, it was also therein agreed "that the completion of such well shall be and operate as a full liquidation of all rental under this provision during the remainder of the term of this lease." The date of the lease is May 1, 1902.

It will be observed that Hersman became the owner of the land, by the deed from Lawson and wife, before the expiration of the six months within which a well was to be drilled. A well was not completed within that time. The lessee made to Hersman the payments contracted to be made for delay in development. In this behalf Hersman received the sum of $285. Thus it would seem that the lessee paid to him the quarterly payments covering the period from November 1, 1902, until August 1, 1907. Lawson claims that he is entitled to one-fourth of this money on the theory that it issued from an oil and gas estate in which he owned a one-fourth interest. By an action for money had and received, he sought to recover from Hersman. The case was submitted to the court in lieu of a jury. The deed, the lease, and an admission by Hersman that he received $285 for delay under the lease, constituted all the evidence. Recovery was denied to Lawson and he has prosecuted this writ of error.

The question presented by the case and argued in the briefs is a novel and interesting one. It is this: Is Lawson entitled to a one-fourth part of the money that accrued from delay in operation under the lease, by reason of his retained ownership of a one-fourth interest in the oil and gas, and his assignment of the lease subject thereto? It is insisted on behalf of Lawson

that money accruing from delay by the lessee in developing the oil and gas belongs to the joint owners of that oil and gas in the proportions of their interests in the same. It is claimed for Lawson that he expressly reserved all rights under the lease so far as they related to his ownership of the one-fourth interest which he retained, and that he did not assign his share of the money to accrue under the lease.

Whatever may be the true interpretation of the contract of the parties and the proper application of the law thereto, we are precluded from a discussion and determination of the case. The amount in controversy is insufficient to call for appellate jurisdiction. In any event, Lawson was entitled to no more than the one-fourth of each periodical payment and the interest thereon from its date until the time of the trial. We understand his counsel to claim no greater right for him. But the aggregate sum of the one-fourth parts of the payments which Hersman received, including the proper interest on each one-fourth part, was not in excess of $100. Though Lawson sues for a larger sum, it admittedly appears from the record that the full amount that Hersman received under the lease was $285. At any rate, within the duration of the lease from its date to the institution of the suit, an amount could not have arisen by payments under its terms the one-fourth of which with proper interest, at the time of the trial, would exceed $100. The amount in controversy at the time of the trial—at the time plaintiff was denied judgment—must govern in considering our jurisdiction. Did the court below adjudicate as to an amount exceeding $100? That court must have had before it a controversy involving such amount, otherwise no writ of error lies. The only amount that was in fact claimed by Lawson, or for which he was entitled to judgment if entitled at all, was an amount less than that which will give this Court jurisdiction in a case of the character of the one before us. This fact is clearly and undoubtedly vouched by the record. "Where the evidence shows that there can, in no possible view of the case, or from any possible standpoint of the controversy, be a sum exceeding one hundred dollars involved, we should deny appellate jurisdiction, although to look to the summons alone we would have jurisdiction." *Oppenheimer* v. *Triple-State Natural Gas & Oil Co.*, 62 W. Va. 112. And that which was said in *Dickinson* v. *Mankin*, 61 W. Va.

429, applies to the plaintiff in this case: "He has proven him-self out of the appellate court by his own showing. In such case the declaration is not the only test. In actions of this character the demand of the declaration is generally unreal and fictitious, made large enough to cover any possible recovery. When the plaintiffs proves that the declaration is not the test we must look to the evidence."

We have no appellate jurisdiction of the case. The writ of error was improvidently awarded. Therefore, it will be dismissed.

*Dismissed.*