# CHARLESTON.

SHELTON v. SHRADER *et al.*

Submitted November 18, 1913. Decided November 25, 1913.

APPEAL AND ERROR—*Jurisdiction—Amount Involved.*

　　When it plainly appears from the record, in a purely pecuniary action, that only an amount below one hundred dollars is involved, the writ of error must be dismissed as improvidently awarded.

Error to Circuit Court, Mercer County.

Action by John J. Shelton against Robert Shrader and others. Judgment for defendant and plaintiff brings error.

*Dismissed as Improvidently Awarded.*

*Woods & Martin,* for plaintiff in error.

*John R. Pendleton,* for defendants in error.

ROBINSON, JUDGE:

Defendants contracted to drill a well for plaintiff, at $1.05 per foot, and to find for him a sufficient supply of water. They drilled to the depth of 118 feet, and, believing that they had found a sufficient supply, moved their drilling machinery away, promising however to return and drill deeper if the supply of water was found not to be sufficient. The well proved wholly insufficient for plaintiff's needs. Thereupon he sought defendants and requested them to return and drill deeper. They had sold their machinery and had quit the well drilling business. They referred him to Bolton and Fletcher.

Plaintiff employed Bolton and Fletcher to complete the well at $1.50 per foot. They drilled 58 feet deeper and left the premises, but their drilling did not produce a sufficient supply. Then plaintiff employed one. Rice, who claimed that Bolton and Fletcher had slightly narrowed the hole below the first 118 feet so that the only bits which he had would not enter below that depth. He moved a few feet away and drilled a new well to the depth of 318 feet, at which depth he found sufficient water. For drilling this new well plaintiff contracted to pay 75 cents per foot for the depth that defendants and Bolton and Fletcher had drilled, in all 176 feet, and $1.00 per foot for the additional depth. Plaintiff, having paid for all the drilling that had been done, sought by this action to recover from defendants what he had paid in addition to the cost of a 318 foot well at $1.05 per foot. At the trial, the court directed a verdict for defendants. Judgment followed accordingly.

It seems quite in accord with reason and fairness that defendants could not be made to pay for redrilling the 118 feet which they had drilled, and which, as the evidence without contradiction discloses, they left in perfect condition. No fault of defendants made it necessary to have this 118 feet redrilled in a new hole. They did not spoil the original hole so that further depth could not be drilled in it. Bolton and Fletcher made the necessity to abandon the original hole, if indeed the evidence establishes that necessity. If anybody other than plaintiff by his own credulity, it was Bolton and Fletcher that caused the outlay for the redrilling of the 118 feet, and the redrilling of the 58 feet which they drilled too small. If the hole had not been narrowed by them, the 118 feet already drilled and the 58 feet which they drilled could have been utilized. It was no act of defendants that caused damages to plaintiff by any necessity for redrilling the original 118 feet and the additional 58 feet which Bolton and Fletcher drilled. Plaintiff's right of action for the loss in redrilling this 176 feet, if it was necessary to redrill the same, is against Bolton and Fletcher.

That plaintiff had right of recovery against defendants for the necessary additional cost over $1.05 per foot for all depth below 118 feet is clear. But only 58 feet of that depth cost

plaintiff anything in addition to the original contract price with defendants. By the failure of defendants to return and fulfil their contract, plaintiff did pay out under another contract, presumably the best obtainable at the time, 45 cents per foot additional for 58 feet, in other words the amount of $26.10. The remainder of the 318 feet necessary to be drilled to find sufficient water cost plaintiff less than the contract price with defendants. So as to drilling that remainder defendants' default caused plaintiff no loss. Therefore, the only loss caused by defendants is the additional outlay of $26.10. It was no fault of defendants that Rice could not put his bits to the bottom of the 176 feet and drill at $1.00 per foot down to the 318 feet where it has been proved by the later drilling that sufficient water was to be found. As we have seen, Bolton and Fletcher's negligent act made it impossible for Rice to go right on down from 176 feet to 318 at $1.00 per foot, if it was impossible. Defendants left the hole so that it could have been completed to proper depth below 176 feet at that price. They did cause plaintiff to pay out $26.10 additional over what they agreed to drill for, but that is all the loss that their failure actually caused him. All other loss was caused to him by Bolton and Fletcher, if not by the failure of Rice to use bits to fit the hole. If Bolton and Fletcher had drilled the 58 feet the same size as the first 118 feet, or if Rice had used smaller bits, the latter could have completed it at $1.00 per foot and plaintiff would have had a well in the original hole at only $26.10 more than defendant contracted to drill the same for. That he did not have it at that small additional cost over defendants' contract is purely the fault of Bolton and Fletcher, or the fault of someone other than defendants. It is not claimed that defendants warranted the work of Bolton and Fletcher. Defendants can not be made chargeable with the fault of that firm; for the same was not a natural consequence of defendants' failure to comply with their contract.

Now, it has been necessary for us to go as far as we have, not as actual decision on the merits of the case, but in order to show that were it proper for this court to take jurisdiction of the case we would only find right in plaintiff to recover $26.10. That amount is not within the jurisdiction of this

court. Though there may be error in denying plaintiff recovery of that amount, we have no power under the law to take cognizance and correct the same. "When it appears without conflict or doubt from the record, in a purely pecuniary action, that the sum for which plaintiff was entitled to judgment, if entitled at all, did not exceed one hundred dollars, a writ of error cannot lie to a denial of judgment to him, even though he declared for a sum sufficient to call for appellate jurisdiction." *Lawson* v. *Hersman,* 67 W. Va. 636. Since it plainly appears from the record that only an amount below one hundred dollars is involved, the writ of error must be dismissed as improvidently awarded.

*Dismissed as Improvidently Awarded.*