# CHARLESTON.

ROSE v. O'BRIEN, JUDGE, *et als.*

Submitted November 23, 1915. Decided December 7, 1915.

1. JUSTICES OF THE PEACE—*Appeal—Jurisdiction—Set-Off and Counter-claim.*

    A defendant in an action before a justice cannot, by filing a fictitious counterclaim or set-off thereby raise the amount in controversy so as to bring the case within the appellate jurisdiction of the circuit court. (p. 318.)

2. SAME—*Appeal—Fictitious Set-Off and Counter-claim—Jurisdiction.*

    Where by filing such claim or set-off a defendant succeeds in obtaining an appeal from the judgment of a justice and on which he has offered no proof either before the justice or on the trial in the circuit court, and the fictitious character of such counter-claim

or set-off is so made to appear, the jurisdiction of the circuit court is thereby ousted, and the appeal should be dismissed as improvidently awarded.   (p. 319.)

3.  COSTS—*On Appeal—Judgment of Justice of the Peace.*
     In such a case the judgment of the circuit court adjudging costs against the plaintiff and appellee is absolutely void and enforcement thereof may be prohibited.   (p. 319.)
     (LYNCH, JUDGE, absent.)

Application for writ of prohibition by George E. Rose against Hon. William S. O'Brien, Judge, etc., and others.

*Writ awarded.*

*W. S. Wysong, J. M. Hoover,* and *E. H. Morton,* for petitioner.

*W. T. Talbott* and *L. L. Dyer,* for respondents.

MILLER, JUDGE:

We are of opinion that a writ should be awarded substantially as prayed for, prohibiting the Hon. William S. O'Brien, Judge of the Circuit Court of Webster County, T. L. Gregory, D. C. Hoover, Deputy Sheriff, and John R. Dyer, Clerk of said court, from all further proceedings, by execution or otherwise, to enforce payment of what purports to be the judgment by said court, pronounced on July 24, 1915, in favor of said Gregory, and against petitioner, George E. Rose, for costs, aggregating thirty-one dollars and ninety-five cents, as taxed by said clerk, and incurred by him, in a certain suit then pending in said court, upon an appeal from the judgment of a justice, in favor of the said Rose, for the sum of two dollars and thirty cents, interest and costs, in a civil action brought before said justice.

The facts justifying this writ, as shown by the petition and record, are that the whole amount sued for and in controversy before the justice, so far as plaintiff was concerned, was the sum of two dollars and thirty cents, for which the justice rendered judgment against Gregory.  Gregory, however, appeared and filed a pretended bill of sets-off or counterclaim, amounting to eighteen dollars and fifteen cents, but offered no evidence before the justice in support thereof, and afterwards applied for and was awarded an appeal by the justice to said court.

In the circuit court, before the jury was empanelled, plaintiff moved the court to dismiss the appeal as improvidently awarded, defendant's off-sets being fictitious, and the court without jurisdiction of the amount in controversy, less than fifteen dollars, exclusive of interest and costs, but which motion was overruled. Thereupon, after the jury was empanelled, plaintiff proved that he had never had any transaction out of which defendant's pretended bill of sets-off or counter-claim could or did in fact arise, and that such claim was false, fictitious and without foundation. He then offered evidence in support of his own account, defendant offering not a syllable of evidence in support of his claim. Then resting, plaintiff again moved the court to dismiss the appeal, because the amount in controversy was not sufficient to confer jurisdiction. This motion was again overruled. Thereupon, on his motion, the court directed the jury to find a verdict for defendant, which was done, and judgment of nil capiat was entered, and for costs in favor of defendant. This is the judgment now complained of and enforcement of which is sought to be prohibited by the writ prayed for.

The rules and principles enunciated in *McDonald Colliery Co.* v. *Crotty,* 69 W. Va. 407, which we adhere to, are clearly decisive of this case. We there held that a defendant in an action before a justice cannot by filing a fictitious counter-claim or set-off raise the amount in controversy so as to bring the case within the appellate jurisdiction of the circuit court. In the case at bar defendant by filing his pretended claim actually procured the justice to award him an appeal, and got the case transferred to the circuit court, and to that extent had the benefit of an appeal. But having obtained this advantage and procured a trial in the circuit court he made no pretense to sustain his claim, but allowed the evidence of plaintiff to go unchallenged.

This case presents a stronger case against the appellate jurisdiction of the circuit court, if anything, than was presented in *McDonald Colliery Co.* v. *Crotty, supra.* Here defendant was given an opportunity before the court and jury to show the virtue of his claim, or that it was not a mere invention to remove the case from the jurisdiction of the justice, but he made no effort to do so.

As a general rule whenever want of jurisdiction is made to appear at any stage of the proceedings it is the duty of an appellate court to dismiss the appeal. *Lawson* v. *Hersman,* 67 W. Va. 636; *Dickinson* v. *Mankin,* 61 W. Va. 429; *Carskadon* v. *Board of Education, Id.* 468.

If the practice pursued in this case was tolerated it would always be possible for litigants of petty controversies before justices of the peace to carry them by appeal to the circuit court, and thereby to deprive those tribunals of the jurisdiction properly belonging to them for the prompt and expeditious disposition of small causes.

The circuit court being thus without jurisdiction its judgment was a nullity and enforcement thereof should be prohibited as indicated.

*Writ awarded.*