No. 139556      Municipal      Suffolk, ss.
KOHL et al      (Harry L. Cole)
v. BRICKMAN & tr.      (H. Bert Lichenstein)

From the Municipal Court of Boston—Keniston, J.
Argued September 29, 1941—Opinion Filed November 17, 1941

CARR, J. (Putnam, C.J. & Gillen, J.) This is an action of contract in which the plaintiffs have declared for rent under a lease for the months of September, October, November and December, 1939, and for a part of the month of January, 1940.

The plaintiffs were the lessors to the defendant of an apartment in Allston under a written lease for a term of fourteen months beginning the first day of July, 1939, rent being payable in advance on the first day of every month.

On July 21, 1939, the plaintiffs in writing gave notice to the defendant to quit within fourteen days on the ground that the defendant committed a nuisance by sitting on the outside steps continually and on July 22, 1939, the plaintiffs gave the defendant a similar notice to quit. On September 2, 1939, the plaintiff's janitor came to the defendant's apartment. The defendant tendered him the rent for September. The janitor refused to take it and gave the defendant a written notice to quit in fourteen days on the ground that the rent was in arrears. Rent for the preceding months had already been paid. The defendant did not quit on receiving these notices. Following the last notice "ejectment" proceedings, by which we assume that summary process is meant, were instituted in the Municipal Court for the Brighton District. On October 13, 1939, judgment for possession was given. The defendant meantime moved out on October 10, 1939.

[ 164 ]

The trial judge found for the defendant. The plaintiffs filed several requests for rulings all of which the judge gave as requested except those numbered 3, 4 and 6.

The appeal is before us by reason of the action of the judge on these three requests.

The common law rule that rent cannot be apportioned applies unless a tenancy is determined in the ways described under the provisions of Gen. Laws, chapter 186, section 8. *Rainault* v. *Evarts*, 296 Mass. 590.

In the pending case three notices to quit were given. The ground for determining the estate in the first two was the creation of a nuisance by sitting on the steps and only in the third was a cause for determination recognized by said section 8 stated, namely by notice to quit for non-payment of rent. If the adjudication in the summary process proceedings in the Brighton Court were based on such notice to quit, we assume that the judgment would be *res judicata* of the issue before us. But to determine this question it would be necessary to have evidence to show what was tried or determined in Brighton. *White* v. *Chase*, 128 Mass. 158.

For all that appears in the report the case in Brighton may never have been tried and the judgment may have been entered on default and on an allegation of notice to quit for sitting on the steps. Apparently the plaintiffs believed this to be an adequate ground for determining the lease otherwise they would not have given two notices based on it. We have, therefore, nothing to show that the plaintiffs have brought themselves within the provisions of said section 8 to entitle them to recover a proportionate part of the rent.

Report dismissed.