ERNEST L. YOST *v.* J. E. MATTHEWS

(No. 9360)

Submitted October 20, 1942. Decided November 17, 1942.

A. *Blake Billingslea* and *Raleigh Lee Stubbs,* for plaintiff in error.

J. *Harper Meredith,* for defendant in error.

ROSE, JUDGE:

This case was brought up by a writ of error granted upon the petition of Ernest L. Yost to a judgment of the Circuit Court of Marion County against him in an action in which he was plaintiff and J. E. Matthews was defendant, and which was in said court on an appeal from a justice and was tried upon a plea of *res judicata.*

Upon application for this writ of error the following assignments of error were made: (1) that the trial court erred in refusing to consolidate the instant case with

another brought by Matthews against Yost, said to involve the same controversy, in which the judgment set up in the plea of *res judicata* was rendered, as provided by the rule of this Court covering such cases, promulgated June 22, 1940; (2) that the court erred in holding that, inasmuch as the judgment relied on as *res judicata* was for the exact amount of $15.00, the said rule had no application; and, (3) that the court, hearing the case in lieu of a jury, erred in finding for the defendant on said plea.

A large part of the briefs filed, however, relate to the question whether the jurisdictional amount of $100.00 is involved on this writ of error. No formal motion has been made for the dismissal of the writ on this ground, but we are led to a scrutiny of the record touching this matter.

The action was brought for $300.00, the maximum amount of the jurisdiction of a justice, and seems to have grown out of a slight collision between automobiles owned and driven by the plaintiff and defendant, respectively. At the trial, both parties appeared in person and by counsel. The case was tried without pleadings of any kind by either party. There is nothing in the record or papers preserved by the justice to indicate either the cause of action or ground of defense or the amount involved, except the summons. The justice rendered judgment in favor of Yost for the sum of $18.36. On the second day after the judgment was entered, Matthews appealed the case to the circuit court. No pleadings have been filed in that court, and no trial has been had there, except on the plea of *res judicata,* which set up a judgment for $15.00 subsequently rendered by another justice in an action by Matthews against Yost. The defendant in error has tendered for filing here his own affidavit purporting to show that Yost's evidence before the justice showed conclusively that his claim was for less than $50.00. Countering this the plaintiff in error has tendered his own affidavit, claiming his evidence on that trial would have supported a judgment for three hundred dollars,

which amount he intends to claim on retrial in the circuit court.

These affidavits, even if permissible to be considered, aid us not at all. They simply neutralize each other. The judgment of the justice, even if considered acquiesced in, does not establish the amount in controversy. If this were the whole record, we would consider the amount named in the summons as controlling. But the bill of exceptions herein preserves not only all the documentary evidence submitted on the trial in the circuit court, but also what is designated therein as a "correct resume of all the evidence adduced before the court upon said trial", and includes this statement: "Upon cross-examination Yost testified, in effect, that he believed his claim amounted to something like $15.00, and that he understood the claim of Matthews was for the same amount." This bill of exceptions was executed, and this evidence preserved, at the instance of the plaintiff in error. This statement of Yost, may be looked to on the question of the amount actually involved in the action. *Cox* v. *Shay,* 76 W. Va. 768, 86 S. E. 880; *Lawson* v. *Hersman,* 67 W. Va. 636, 69 S. E. 191; *Oppenheimer* v. *Triple-State Natural Gas & Oil Co.,* 62 W. Va. 112, 57 S. E. 271; *Dickinson* v. *Mankin,* 61 W. Va. 429, 56 S. E. 824. We thus now find that the amount actually involved in the present action is so small that this Court is not permitted to deal with the case. By inadvertence the showing of the record to this effect was not observed on the application for the writ of error, but upon our discovering our lack of jurisdiction, we will dismiss the writ as improvidently awarded.

*Writ dismissed.*